## ATTACHMENT A

## AFFIDAVIT

I, KYLIE RUIZ, after being duly sworn, hereby depose and say:

1. I am a law enforcement officer with over 15 years' experience and have over 13 years' experience as a patrol officer for the Salt Lake City Police Department. I am currently assigned to the Airport Investigations Division and have served with them on multiple occasions over my career. I am also a Deputized Task Force Officer with the Federal Joint Terrorism Task Force and serve as one of two Airport Liaison Agents at the Salt Lake City International Airport. I have taken several investigation courses and completed hundreds of cases resulting in successful convictions both on the patrol and investigations sides. As a federal Task Force Officer, I am authorized to investigate violations of the law of the United States and have authority to execute arrest and search warrants issued under the authority of the United States.

2. The statements in this affidavit are based, in part, on an investigation conducted by myself and/or communicated to me by other law enforcement officers, other investigators with knowledge of this investigation, and other individuals. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included every fact known to me concerning this investigation. Rather, I have set forth facts sufficient to establish probable cause for the requested search and seizure warrant.

3. This affidavit is submitted in support of a search warrant authorizing the search of an Orange 'JEEP' Brand Carry-on Luggage belonging to Brandon Schrimsher. The purpose of the search is to identify and seize items related to violations of Title 18, United States Code, Section 2244(a)(3) and Title 49, United States Code, Section 46506, more fully described in Attachment B.

4. On May 26, 2023, Brandon Lane Schrimsher was a passenger on DL Flight 1482 from New Orleans, Louisiana to Salt Lake City, Utah. He was seated in seat 21C, an aisle seat. T.T., a juvenile under the age of 16 flying alone (date of birth in June 2007) was seated in seat 21A, a window seat. The middle seat was unoccupied.

5. During the flight, T.T. stood up and asked a passenger behind him to press the flight attendant call button. T.T. reported to the flight attendant that Schrimsher had initiated physical contact with him by touching his feet. T.T. reported that Schrimsher offered T.T. unidentified white pills, which T.T. declined. Sometime later, Schrimsher reached his hand underneath T.T. between his body and the seat and squeezed T.T.'s buttock with his hand. T.T. objected and initiated contact with the flight attendant.

6. In a later interview, T.T. said that Schrimsher retrieved pills out his (Schrimsher's) bag in the overhead baggage storage bin and that the pills were in a round pill box. Schrimsher ate approximately 9 pills; the pills appeared to be white. T.T. said Schrimsher started touching his foot. T.T. said that Schrimsher also touched his leg, T.T. said this made him uncomfortable. T.T. said that Schrimsher offered him some pills, and that T.T. said "No". T.T. said that Schrimsher reached over to him and grabbed his butt through his clothing. T.T. said he felt uncomfortable and asked the passenger behind him to contact a flight attendant. T.T. said he told Schrimsher "No.". Flight attendants moved T.T. to another row.

7. After the plane landed and passengers had disembarked, an officer spoke with Schrimsher and asked him if he had been drinking or taken any pills. Schrimsher said he had not been drinking, but he had taken several pills, 3 Xanax, 3 Klonopin, 1 Descovy, and 3 lithium pills. Flight attendants reported that

Schrimsher was asleep and possibly intoxicated during the latter part of the flight after T.T. was moved.

8. When Schrimsher was transported to the Public Safety Building by police, the police also brough the carry-on luggage that Schrimsher had with him on the flight. The carry-on luggage with Schrimsher was an orange carry-on bag that is labeled with the word "Jeep."

9. I know from training and experience hands-on sexual offenders may attempt to coax victims with intoxicants or pills. I also know from training and experience that lighting and other environmental factors may affect what color a pill appears to be.

10. I know from training and experience hands-on sexual offenders when traveling may carry items such as condoms, sex toys and paraphernalia, and sexually explicit media for planned sexual activity.

11. Based on what T.T. reported, officers obtained a search warrant for Schrimsher's carry-on luggage, seeking only "white pills". The warrant was signed by Judge Vo-Duc of Utah Third District Court. Officers conducted the search on Schrimsher's luggage and photographed the bag, the warrant, pills located in the bag, and a circular pill container. Multiple pills were in Schrimsher's bag, but none of the pills were white. Due to no white pills being found, officers completed the return to service and documented no white pills were located in the bag. No evidence was seized. The luggage was booked into Salt Lake City police evidence for safekeeping.

12. Based on the foregoing, your Affiant submits there is probable cause to believe Brandon Lane Schrimsher, has committed violations of Title 18 United States Code, Section 2244(a)(3) and Title 49 United States Code, Section 46506 (Abusive Sexual Contact of a Minor in the Special Aircraft Jurisdiction of the United States). Moreover, there is probable cause to believe evidence, fruits, and

instrumentalities of these crimes can presently be found in an Orange 'JEEP' Brand Carry-on Luggage belonging to Brandon Schrimsher.

13. Your Affiant respectfully request the attached search warrant be issued authorizing the search of the location described herein for the items outlined in Attachment B.

*KYLIE RUIZ*
Task Force Officer
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me this 31st day of May, 2023.

JARED C. BENNETT
U.S. Magistrate Judge
U.S. District Court
District of Utah